Washburn, J.
Indictment for murder in first degree. Decision on motion for new trial.
The object of this proceeding was to give the defendant a fair trial under the law.
It is almost impossible to try a hotly-contested case lasting for more than a week without after it is over finding some matters that would have been done otherwise had time for reflection been possible.
The inquiry here was to .ascertain whether or not the defendant was guilty, and the law surrounded the defendant with the presumption of innocence and with many protections. Among those were 'the fact that his reputation was not in issue unless he put it in issue.
It is a fact that the principle of law to that effect arose out of conditions that are not applicable to the conditions of today. At the time when courts raised that protection for the *422 criminal, many crimes were punishable by death. There was no such thing as pardon, and a large portion of all prosecutions were political; and at that time courts, to prevent the possibility of mistakes and to protect the innocent, who in those days were quite often convicted, surrounded the defendant with certain presumptions and legal rules which were then necessary to prevent injustice and which are the law of the land today, although some of them are not applicable to our present conditions.
We have at the present time but one offense punishable by death, but so long as those presumptions and rules constitute the law of the land, it is the duty of this court to follow them and give the .defendant the full benefit of .them.
Soon after the argument of the prosecuting attorney in this case, I began looking up the law in anticipation of this hearing. I think I have read all the cases cited to me here in this argument, with a view of determining what .ought to be done, in view of the fact that the prosecuting attorney was permitted to comment on defendant’s failure to call witnesses to prove his good character and to claim that the inference to be drawn from such fact was that his character was not good.
It is well settled ip this country that “where the defendant has not put his character in issue, it is error to permit the prosecuting attorney to comment on his failure to call witnesses to prove his good character.” 26 S. W., 70; 40 N. W., 473; 149 Fed., 673; 12 S. E., 806; 97 N. W., 992.
In a case a few .terms ago in this court, where the defendant had not taken the stand and where there had been no evidence relating to his good character, I granted a new trial because of the misconduct of the prosecuting attorney in commenting upon defendant’s failure to prove good character.
But in this case, when objection was made, the court, remembering that the defendant had offered himself as- a witness and given testimony very damaging to his character and supported that by the testimony of other witnesses, I did not interfere with the prosecutor’s argument, .although it was very apparent that the argument was entirely unnecessary and could not possibly add anything to the positive testimony .on that subject introduced by the defendant himself.
*423 The eases which hold that a new trial must be granted for misconduct of the prosecuting attorney in commenting upon the defendant’s failure to call witnesses to prove his good character are all cases where the defendant’s character has not been put in issue. In the case at bar it is true that the defendant did not introduce any testimony to establish his good character, and in that sense did not put his character in issue, but it seems to me that the character of his own evidence and the evidence he introduced in his own behalf necessarily put his character in issue— at least so as to be the proper subject of comment by the prosecuting attorney.
According to his own testimony introduced in chief and for the purpose of establishing his defense, he was a gambler, a bigamist and a thief, and that for several years he had no honest means of livelihood. This testimony was not brought out on cross-examination, but was introduced by himself in the first instance. Under such .circumstances is it improper to say that he has put his character in issue?
“Where, in a prosecution for rape, there was testimony tending to overthrow the presumption of good character with which the law clothed defendant, it was competent for the prosecuting attorney to comment on defendant’s failure to produce witnesses to prove his character good.” 104 S. W., 1003. See 21 S. W., 765.
Under the circumstances of this case can it be said that it is misconduct on the part of the prosecuting attorney to refer to the fact that defendant introduced no evidence establishing or tending to establish his good character? He had himself destroyed the presumption of good character which the law gives him. How, then, could he be prejudiced by the reference which the prosecuting attorney made to his character?
“When a defendant through his own lips and witnesses writes his own shame upon the record, it would be sticking in the bark to hold that mere insinuations as to his character could injure.” 88 Pacific, 1101.
The question is whether or not under the.circumstances of this . case the conduct of the prosecuting attorney was error which demands a new trial.
*424 ‘ ‘ A judgment will not be reversed for misconduct of counsel in argument, unles it was such as to prejudice the substantial rights of the accused.” 4 N. W., 870.
That was a case where the argument of counsel was on the subject’ that we are treating of in this case.
“A criminal ease should not be reversed because of an improper argument of counsel, unless it appears that injury to the rights of accused resulted, which question will be determined by the issue involved and the state of the evidence.” 92 Pacific, 820.
That is also a case which involves argument like that complained of in the case at bar, and is a case that was cited by the prosecutor. (See, also, 110 N. W., 132; Ib., 495; 18 S. E., 987; 20 S. E., 873; 25 S. W., 634; 8 Southern, 325.)
The prosecutor could not by mere insinuation add anything to the defendant’s own proof of his character, and my conclusion is that although the prosecutor’s remarks were entirely unnecessary, they were not in the least prejudicial to the defendant.
Some question has been made about the argument of the prosecuting attorney in reference to mercy. On that proposition the court’s idea is that the law has vested the power to grant or withhold mercy in the discretion of the jury. It is not a subject that is proper for defendant’s counsel or the state’s counsel to refer to. It is only preper for the court to tell the jury that it is in their discretion. But in this case counsel for the defendant had first referred to it, and the jury followed the wishes of counsel for defendant in the matter, so that it could not possibly prejudice the defendant in any way.
The remark of the prosecuting attorney to the effect that the jurors if they brought in a certain kind of a verdict ought to be put in jail, was very improper. It is not the kind of argument he ought to have made to Lorain county jurors; it was not necessary. Perhaps it was the duty of the court to interfere, but there was no objection, and I don’t think under the law it is the duty of the court to interfere, unless it is something that is very prejudicial. I think in matters that are not very certain to prejudice the jury it is proper to rely upon counsel for de *425 fendañt to make objection. This argument was short and was over in a moment, and the court made no interruption. Had there been an objection I would have cautioned the jury, and I am sorry that I did not myself interrupt and caution the jury; but I can not see that that has prejudiced the defendant in this case.
On the subject of the alleged misconduct of a juror the court finds the proof fails to sustain the contention of the defendant that there was any misconduct on the part of Mr. Howk.
In reference to the affidavits of jurors to prove that they did not'understand or did not pay any attention to a certain line of argument, I think that it would be unwise to adopt a rule which would permit verdicts of juries to be torn asunder and investigated by their own affidavits and testimony after they are made. There were one or two eases cited where something along that line was done, but they were Texas cases and cases that I do not regard as well considered, and I have deemed it best not to follow them.
Now, I have been influenced somewhat in disposing of this ease by the nature of the case that we have. It is the duty of the trial court, even where matters are not strictly prejudicial, or where the matter is close, to protect the man who is possibly innocent and give him a new trial, and it is equally the duty of the court, if there is no doubt of the defendant’s guilt, to overlook some matters in the trial that were not exactly as they should have been.
I listened very carefully to this testimony as it was given at the trial, and I have not now the least shadow of doubt of the defendant’s guilt. I do not see how the jury could have found any other verdict. Under these circumstances I think it is the duty of the court to overrule the motion for a new trial, which I do accordingly.